IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

RONALD O. THOMAS,

                **Case No. 04-2257 JWL**

   **Plaintiff,**

   **v.**

CITY OF BAXTER SPRINGS, KANSAS, et al.

   **Defendants.**

_____

CHARLES HOW,

   **Plaintiff,**           **Case No.  04-2256 JWL**

   **v.**

CITY OF BAXTER SPRINGS, KANSAS, et al.,

   **Defendants.**

_____

## MEMORANDUM AND ORDER

On December 15, 2005, through a written memorandum and order (doc. 65), the court entered a judgment that granted the defendants' motions for summary judgment in full.  This terminated these two consolidated cases, which involved section 1983 claims by the plaintiffs, Charles How and Ronald Thomas, against the City of Baxter Springs, Kansas ("the City"), City Clerk Donna Wixon, and City Attorney Robert Myers.  The plaintiffs alleged in part that the

defendants, acting "under color of law," filed and pursued criminal complaints in retaliation for political attacks published in a local newspaper.

This matter comes before the court on defendant Donna Wixon's motion for Rule 11 sanctions in the form of attorney's fees (doc. 67) based on the allegedly objectively unreasonable claims filed by the plaintiffs' counsel against her in this matter.  For the reasons explained below, Ms. Wixon's motion for Rule 11 sanctions is denied.

## ANALYSIS

Ms. Wixon moves to obtain Rule 11 sanctions against the plaintiffs' counsel for unreasonably pursuing claims against her under Rule 11(b).  To avoid sanctions under Rule 11, an attorney must meet a standard of objective reasonableness.  *Scott v. Boeing Co.*, 204 F.R.D. 698, 700 (D. Kan. 2002) (citing *White v. General Motors, Inc.*, 908 F.2d 675, 680 (10th Cir. 1990)).  Within this context, it is not enough that an attorney has a subjective, good faith belief that an argument has merit.  *Id.* (citation omitted).  Rather, the attorney's belief must be "in accord with what a reasonable, competent attorney would believe under the circumstances." *White*, 908 F.2d at 680.  The court enjoys discretion in determining whether a claim or argument is reasonable.  *Augustine v. Adams*, 88 F.Supp.2d 1169, 1174 (D. Kan. 2000) (citation omitted).  "If a court determines that a party has violated Rule 11(b), a court may in its discretion impose sanctions." *Medical Supply Chain, Inc. v. General Elec. Co.*, 144 Fed. Appx. 708, 715, 2005 WL 1745590, *6 (10th Cir. 2005) (citing Fed. R. Civ. P. 11(c)).  *See also Wasko v. Moore*, 2006 WL 446068, *2 (10th Cir. 2006) ("A court may 'impose an

appropriate sanction' upon the party if the court determines that Rule 11(b) has been violated.") (quoting Fed. R. Civ. P. 11(c)).

In this case, the defendants claim that the plaintiffs' counsel violated Federal Rule of Civil Procedure 11(b)(2) because after reasonable inquiry, counsel should have known that the plaintiffs' claims against Ms. Wixon were untenable under established Tenth Circuit law.   Rule 11(b)(2) requires an attorney to file a claim or other legal contention only if it is "warranted by existing law" or it is a "nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."   *Id*.   Thus, applied here, the defendants allege that no attorney could have reasonably believed that a valid claim could have been presented against Ms. Wixon based on the facts in the record.

The court disagrees.   Although the court in fact granted the defendants' motions for summary judgment, it did so only after an exhaustive and difficult analysis of Tenth Circuit law. Rule 11 sanctions should not deter a party from making a reasonable, although unprecedented, application of the law to a novel factual background.     The court must allow counsel some latitude in testing the uncertain contours of the law—particularly in the dynamic realm of § 1983 liability—without facing the wrath of sanctions.

Moreover, as the undersigned previously has opined, "the mere fact that the court concluded that defendant was entitled to summary judgment on plaintiff's claims . . . does not mandate the conclusion that plaintiff's claims were frivolous or not 'warranted by existing law.'"   *Thompson v. United Transportation Union*, 167 F. Supp. 2d 1254 (D. Kan. 2001).

Although the plaintiffs' counsel might not have relied on controlling Tenth Circuit precedent in bringing their claims, neither had the Tenth Circuit directly foreclosed the plaintiffs' claims in any published opinion.   As the Tenth Circuit has advised, "the primary purpose of sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for its costs in defending a frivolous suit."   *White*, 908 F.2d at 684.   For all of the foregoing reasons, Ms. Wixon's motion for Rule 11 sanctions is denied.

### Conclusion

For the reasons explained above, the motion for Rule 11 sanctions against the plaintiffs' counsel in the form of attorney's fees (doc. 67) is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Ms. Wixon's motion for Rule 11 sanctions against plaintiffs' counsel in the form of attorney's fees (doc. 67) is denied.

**IT IS SO ORDERED** this 10th day of March, 2006.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

4